UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2910 AG (MRW) | Date | May 1, 2013 |
|---|---|---|---|
| Title | Haywood v. Baca | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** (IN CHAMBERS) ORDER RE: REVIEW OF HABEAS PETITION

The Court conducted a preliminary review of the petition in this state habeas action. According to the petition, Petitioner pled nolo contendere to an unspecified offense in Long Beach Superior Court. He apparently was sentenced to a term in county jail in March 2013. (Petition at 2.)

On the form petition, Petitioner checked the boxes signifying that he raised his claims on direct appeal and in a petition with the California Supreme Court. However, based on the Court's review of the state court's database and based on the date of Petitioner's sentencing, he does not appear to have presented his claims to the Supreme Court.

From the face of the petition, Petitioner is not eligible to have this federal court consider his case on habeas corpus at this stage. The claims that Petitioner seeks to present in federal court do not appear to be exhausted – that is, the claims have not been presented to and ruled upon by the state court first. Under the federal law that governs habeas petitions filed by state inmates, a petitioner must exhaust all claims as a prerequisite to a federal court's consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A). Petitioner must fairly present those claims to the state's highest court. Rose v. Lundy, 455 U.S. 509 (1982). A claim has not been fairly presented unless the prisoner describes in the state court proceedings both the operative facts and federal legal theory on which his claim is based. Duncan v. Henry, 513 U.S. 364, 370 (1995). Petitioner bears the burden of demonstrating this prerequisite has been met. Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972).

That did not occur here. To the contrary, the claims that Petitioner seeks to pursue in federal court do not appear to have been presented to the California Supreme Court at all. The claims therefore are not exhausted, which means that this federal court may not consider them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2910 AG (MRW) | Date | May 1, 2013 |
|---|---|---|---|
| Title | Haywood v. Baca | | |

In addition, the Court has real doubts that Petitioner has raised any <u>federal</u> constitutional claim that may properly be adjudicated on habeas review.  <u>See</u> 28 U.S.C. § 2254(a).  However, the key issue is that Petitioner appears to have improperly come to federal court for relief before appealing his conviction in state court.

* * *

  The Court therefore orders Petitioner to show cause why this action should not be dismissed for failure to exhaust his claims as required by federal statute.  Petitioner must submit a responsive statement (not to exceed 5 pages) by or before <u>May 31, 2013</u>.  If Petitioner can truthfully demonstrate that the claims have been exhausted in the state supreme court, the Court will review the petition to determine whether it should be served on the state.  Alternatively, Petitioner may decide to voluntarily dismiss the federal petition because he is unable to lawfully obtain relief in this Court.

  **Petitioner is informed that failure to file a timely response to this order may result in a recommendation that the action be dismissed for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**